﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201215-126249
DATE: February 26, 2021

ORDER

Entitlement to service connection for bilateral sensorineural hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDING OF FACT

The evidence shows that the Veteran’s bilateral sensorineural hearing loss and associated tinnitus first manifested during the Veteran’s active duty military service following exposure to loud noise.

CONCLUSION OF LAW

The criteria for service connection for a bilateral sensorineural hearing loss and associated tinnitus are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.309(a), 3.310, 3.385. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1958 to June 1960. 

This appeal comes to the Board of Veterans’ Appeals (Board) from a November 2020 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) in the modernized review system. See 38 C.F.R. § 3.2400. VA denied the Veteran’s claims initially in a January 2020 rating decision, and he requested review of the decision by a higher-level reviewer in January 2020. Following an informal conference with the Veteran, the higher-level reviewer returned the case in a May 2020 rating decision for additional evidentiary development including obtaining additional VA examinations that consider the Veteran’s lay statements about the history of his noise exposure and hearing loss. 

The RO denied the claims again in a September 2020 rating decision and issued a follow-up rating decision in November 2020 to provide the Veteran with additional notice on the applicable law and facts used to support the denial of the claims. VA received the Veteran’s Notice of Disagreement (NOD) with the November 2020 rating decision in December 2020, and the Veteran requested review of his claims based on the evidence of record at the time of the November 2020 rating decision under the Direct Review by a Veteran’s Law Judge option. After receipt of the NOD, the RO issued an additional rating decision in January 2021 to explain favorable findings associated with the Veteran’s claims. 

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for a disability that is proximately due to or the result of an established service-connected disability. 38 C.F.R. § 3.310. This includes disability made worse by a service-connected disability. Allen v. Brown, 7 Vet. App. 439 (1995).

Service connection for impaired hearing shall only be established when hearing status as determined by audiometric testing meets specified pure tone and speech recognition criteria. For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2017). 

The absence of in-service evidence of hearing loss disability during a veteran’s period of active duty is not fatal to a claim for service connection. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Competent evidence of a current hearing loss disability (i.e., one meeting the requirements of section 3.385, as noted above), and a medically sound basis for attributing such disability to service, may serve as a basis for a grant of service connection for a hearing loss disability. See Hensley v. Brown, 5 Vet. App. at 159 (1993). 

The Veteran is competent to discuss observed physical symptoms, such as a whooshing or roaring noise in the ears. See Layno v. Brown, 6 Vet. App. 465 (1994); see also Charles v. Principi, 16 Vet. App. 370, 374-75 (2002) (“ringing in the ears is capable of lay observation”). Tinnitus, moreover, is a disorder uniquely ascertainable by the senses. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). That is, tinnitus is defined as a noise in the ears, a finding that can only be determined by the Veteran’s reporting of the condition. In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims stated that “a veteran need only demonstrate that there is an ‘approximate balance of positive and negative evidence’ in order to prevail.” To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

The Board finds that the Shedden elements are met regarding the Veteran’s claims. The November 2020 rating decision on appeal found the Veteran has current disabilities of bilateral sensorineural hearing loss and associated tinnitus, which the RO has noted may qualify the Veteran for presumptive service connection for a chronic disease under 38 C.F.R. § 3.309(a) (allowing for a presumption of service connection for organic diseases of the nervous system that manifest to a compensable degree within one year of separation from active duty service). The RO also found that the Veteran had a high probability of exposure to hazardous loud noises in his military occupational specialty as a tuba player. 

The Board finds that the RO’s favorable findings are supported by the evidence of record. VA examinations have confirmed that the Veteran has a current sensorineural hearing loss disability meeting the requirements of 38 C.F.R. § 3.385, and the examiners have opined that the Veteran’s tinnitus is associated with the hearing loss. The Veteran’s service personnel records confirm the Veteran served as a tuba player and indicate that he was likely exposed to some noise during weapons training, which he reported during his VA examinations. 

While the RO ultimately denied the Veteran’s claim on the basis of multiple negative nexus opinions from VA examiners, the Board affords little probative value to the conclusions of the examiners about the etiology of the Veteran’s hearing loss and associated tinnitus because the rationale in support of the opinions is deficient. While the first negative opinion from the December 2019 VA examiner relies on normal hearing testing results on the Veteran’s separation examination, a second examiner in August 2020 noted that the entrance examination included only a whisper test and found the separation examination scores (all zeros) were very atypical and should be viewed as invalid. Although the RO requested an addendum opinion from the second examiner to obtain more discussion of the Veteran’s reports of hearing loss and noise exposure, neither opinion adequately explains the examiner’s conclusion that two years of noise exposure as a tuba player less likely than not caused the Veteran’s hearing loss and tinnitus. The examiner also did not adequately address the Veteran’s reports of tinnitus following weapons training as the RO requested. See September 2020 addendum to the August 2020 VA hearing loss and tinnitus examination. 

The Board ultimately affords more probative value to the Veteran’s competent and credible lay statements about the etiology of his hearing loss and tinnitus. As noted above, the Veteran is uniquely competent to report his tinnitus, and the VA examiners have indicated that the tinnitus is a symptom of the Veteran’s chronic disease of sensorineural hearing loss. Additionally, the Board observes that the Veteran’s service personnel records show he has a history of teaching music and playing multiple instruments prior to and during his service, which the Board finds demonstrates competency to perceive substantial changes in sound and hearing acuity. The Board finds the Veteran’s statements about perceiving tinnitus and decreased auditory acuity following noise exposure during active duty to be competent and credible in the context of the totality of the evidence. Accordingly, as the evidence, on balance, shows that the Veteran’s chronic bilateral sensorineural hearing loss and associated tinnitus began during his active duty military service, the Veteran’s claims are granted. 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Michael Duffy, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.